UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO


| | | |
|---|---|---|
| CHARLES BROWN, JR., | ) | CASE NO. 4:09 CV 2851 |
| | ) | |
| Petitioner, | ) | JUDGE CHARLES A. BOYKO |
| | ) | |
| v. | ) | <u>MEMORANDUM OF OPINION</u> |
| | ) | <u>AND ORDER</u> |
| UNITED STATES PAROLE COMM.et al., | ) | |
| | ) | |
| Respondents. | ) | |

Before the Court is <u>pro se</u> petitioner Charles Brown, Jr.'s above-captioned habeas corpus action against the United States Parole Commission, Warden Roddy Rushing at the Northeast Ohio Correctional Center (N.E.O.C.C.), and United States Attorney General Eric Holder. Mr. Brown, who is currently confined at N.E.O.C.C. in Youngstown, Ohio, initially filed a 28 U.S.C. § 2254 petition for Writ of Habeas Corpus by a person in state custody. On January 19, 2010 he filed a "Memorandum Motion to amend and correct U.S. civil statutory filing to 28 U.S.C. § 2241." (Dkt. #4.) The Motion to amend is **granted**.

The Motion for Emergency Summary Judgment [Dkt.# 5], filed March 5, 2010, is

**denied** and the matter is now before the court as a federal habeas petition pursuant to 28 U.S.C. § 2241.

*Background*

Mr. Brown provides scant detail regarding his criminal history. He claims he is being held pending a parole revocation hearing. Four questions are posed to the court as his grounds for relief:

- Was the delay in holding petitioner's preliminary interview and subsequent revocation hearing unreasonable and prejudicial?

- Is revocation of the petitioner's parole for substance abuse an independent crime; mandating confinement without statutory direction or a plausable [sic] treatment program?

- Has the petitioner been denied due process of law and equal protection by the Parole Commission not having annual reviews of his term of parole?

- Does applications of Ex Post Facto Laws offer retroactive punishment (effects) to sentences?

(Pet. at 5, 7, 8,10.) Finally, petitioner seeks release from prison and the termination of his parole. For the reasons set forth below, Mr. Brown's petition is denied.

*Parolee's Right to Due Process*

A parolee is entitled to due process before his parole may be revoked. Morrissey v. Brewer, 408 U.S. 471, 488-89 (1972). The difficulty with Mr. Brown's assertions is that he provides no more than conclusory statements.

The relevant statutes regarding petitioner's claims are contained within the Parole Commission and Reorganization Act, 18 U.S.C. § 4201 et seq.[1] The facts suggests Mr. Brown

---

[1]Although the statute was repealed in 1984 under §11017(a) of the 21st Century Department
(continued...)

allegedly violated his parole.  Consistent with the Act, the Parole Commission may summon an alleged violator for a hearing or issue a warrant and retake the parolee. 18 U.S.C. § 4213(a)(1)&(2). Considering the fact petitioner's claims are worded in the past tense, he may have already had a preliminary hearing.  While he suggests he may have been prejudiced by a delay, his assertions are mere speculation.

Regarding Mr. Brown's question whether revocation of probation based on substance abuse is an independent crime, it is not a matter that can be addressed in a federal habeas petition concerning the execution of his sentence.  What is clear from the statute, however, is that: "Notwithstanding any other provision of this section, a parolee who is found by the Commission to be in possession of a controlled substance shall have his parole revoked." 18 U.S.C. § 4214(f)(emphasis added).  Petitioner has failed to provide any legal support to refute that provision of the statute.

Mr. Brown lacks standing to raise his remaining claims.  A threefold test of standing has been attributed to Article III of the Constitution. The plaintiff must show a distinct and palpable injury to himself; that this injury is caused by the challenged activity; and that this injury is apt to be redressed by a remedy that the court is prepared to give. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560- 561(1992).  He has failed on all three prongs.

On the last page of his petition, Mr. Brown states simply that the facility where he is being held "is not in compliance with Bounds v. Smith, Johnson v. Avery, and Wolf v.

---

[1](...continued)
of Justice Appropriations Authorization Act, Pub.L. No. 107-273, the period that this chapter remains in effect after Nov. 1, 1987 was extended from twenty-one years to twenty-four years by Public Law 110-312, § 2, Aug. 12, 2008,122 Stat. 3013.

McDonald." To the extent he is challenging the conditions of his confinement, a habeas petition is not the proper forum.  A section 2241 petition is a vehicle not for challenging prison conditions, but for challenging matters concerning the execution of a sentence such as the computation of good-time credits. See Cohen v. United States, 593 F.2d 766, 770-71 (6th Cir.1979).  Petitioner is entitled to file a Bivens action if he believes he was deprived of a right secured by the federal constitution by persons acting under color of federal law. See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 397 (1971).

## Conclusion

For the foregoing reasons, this action is dismissed pursuant to 28 U.S.C. § 2243. Further, petitioner's Motion to Proceed In Forma Pauperis [Dkt.# 3] is granted. The court certifies that an appeal from this decision could not be taken in good faith.  The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

 S/Christopher A. Boyko  
CHRISTOPHER A.  BOYKO  
UNITED STATES DISTRICT JUDGE

March 16, 2010